## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**2005-CR-10068-RCL**

UNITED STATES OF AMERICA
   Plaintiffs

v.

THURSTON GENE GILMAN
   Defendants

## VICTIM DEBORAH MITAL'S MOTION FOR PRIORITY OF LIEN AGAINST ARBOR SECURITIES LIMITED ON FUNDS CURRENTLY HELD BY THE COURT

The movant, Deborah Mital is a resident of Albuquerque, New Mexico and a victim[1] of

T. Gene Gilman and his various fraudulent enterprises. She has suffered a loss in excess $1.4

million dollars from the criminal wrong doing of Gilman and his enterprises. Mrs. Mital hereby

moves that this honorable court enter an order at or before the sentencing of T. Gene Gilman

paying over to her the funds formerly of Arbor Securities Limited (Arbor) being held in the court

up to the value of $1,446,636.54 in accordance the execution issued by the Middlesex Superior

Court against Arbor, demand for which was made upon Arbor on October 9, 2004, through the

person of its principal, the defendant Thurston Gene Gilman.

---

[1] She has been assigned the victim identification number "952934".

In support here of, Mrs. Mital says that:

1.      She is an identified victim of T. Gene Gilman and his criminal enterprises and is entitled to restitution pursuant to the provisions of 18 U.S.C. §§ 3664 and 3663A.

2.      Mrs. Mital should be entitled to the enforcement of her judgment against Arbor Securities Limited that was obtained and executed prior to the indictment of Mr. Gilman.

3.      On or about November 24, 2003 Mrs. Mital and her children commenced a civil action in the Middlesex Superior Court of the Commonwealth of Massachusetts against Thurston Gene Gilman, Arbor Securities Limited, Commonwealth Financial Holdings Inc., and Financial Links, Inc. for the return of their funds that were held, according to Mr. Gilman, in the account of Arbor Securities Limited. A copy of this complaint is attached hereto as Exhibit 1 and is incorporated herein. Please see Exhibit A to the Affidavit of Deborah Mital (filed in connection with that complaint, a copy of which is annexed hereto as Exhibit 2) which shows her statement of accounts with Arbor.

4.      Judgment entered on behalf of all plaintiffs in the Middlesex Superior Court on June 21, 2004.

5.      On or about September 9, 2004, executions in the sum of $1,861.334.52 issued on behalf of all plaintiffs in that action jointly and several against Thurston Gene Gilman, Arbor Securities, Limited, Financial Links, Inc., and Commonwealth Financial Holdings, Inc. in the following amounts:

2

A.    Deborah Mital $1,446,636.54

B.    Leah Mital-Skiff $140,105.27

C.    Stephen Mital $140,105.27

D.    Raj Mital $121,632.77

E.    Mark Mital $12,854.67

True copies of the referenced executions are attached hereto as Exhibit 3.

6.    On or about October 9, 2004, the execution in the name of Deborah Mital in the amount of $1,446,636.54, having been put in the hands of the Middlesex County Deputy Sheriff's, was levied and executed upon Arbor Securities Limited by delivering in hand to Thurston Gene Gilman the officer in charge of the business (similar demand was made upon all other defendants). A true copy of the officer's return as against Arbor Securities Limited is attached hereto as Exhibit 4.[2]

7.    At that time, (Arbor) Gilman neglected and failed to pay the amounts due on the execution or any part thereof nor did he deliver to the sheriff any funds of Arbor for levy. At that time, Mr. Gilman, as the principal of Arbor Securities Limited, had under his custody and control funds of Arbor subject to levy and execution on behalf of Mrs. Mital in accounts held at Pension Financial Services, Inc., Alliance Investment Management, Ltd. and Olympia Capital Limited.

8.    As of October 9, 2004 those funds should have been paid over to the sheriff in satisfaction of the execution served upon Gilman, Arbor and his other enterprises. At that time, Mr. Gilman was not indicted, incarcerated or otherwise under any legal process of this court.

9.    Mr. Gilman was not indicted until five months later on March 17, 2005.

---

[2] The execution was also levied on Mr. Gilman personally to realize on the prior attachment of his residence. However, the property was foreclosed on and nothing was realized.

3

10.    On or about March 31, 2005, a Joint Motion by the Unites States Attorney and the defendant's counsel, was filed (and allowed on April 1, 2005) directing that the clerk of this honorable court hold funds received from Arbor Securities held at Pension Financial Services, Inc. Alliance Investment Management, Ltd. Olympia Capital Ltd., which funds included moneys belonging to the Mitals.

11.    Those funds were received by the clerk and should be deemed held subject to the interest of Deborah Mital resulting from the service and demand on execution made five months prior on Arbor Securities Ltd.

In further support hereof, victim Deborah Mital notes that:

- Mr. Gilman is required to provide full restitution to his victims in respect to his mail and wire fraud convictions regardless of his ability to pay.  *United States v. Cheal* 389 F. 3d 35, 37 (1st Cir. 2004).

- It is permissible to attach funds held in the court with leave of the supervising court.  *Landau v. Vallen,* 895 F. 2nd  888, 896 (2nd Cir. 1990) (citing *Jones v. Merchants' Nat'l Bank,* 76 F. 683, 684, 687 (1st Cir. 1896).  See also *United States v. Van Cauwenberghe,* 934 F. 2d 1048, 1063 (9th Cir. 1991) (attachment of funds held in court allowed; no sovereign immunity issue.)

- The court has discretion to determine the priority and manner of payment amongst victims, which need not be pro rata.  *United States v. O'Connor,* 321 F. Supp. 2nd 722, 730-732 (E.D. Va. 2004).

Accordingly, this honorable court should enter an order requiring the clerk of Court to pay said funds to Mrs. Mital in amount up to amount of the execution issued by the Middlesex Superior Court.  In the alternative this Honorable Court should exercise its

4

discretion and assign a priority in any restitution payments to Mrs. Mital.

Respectfully submitted,
DEBORAH MITAL, LEAH MITAL-SKIFF, RAJ
MITAL, STEPHEN MITAL, and MARK MITAL

By their attorney,

Roger D. Matthews
BBO No. 325,000
Denner O'Malley, LLP
4 Longfellow Place, 35th Floor
Boston, MA 02114
(617)227-2800
(617)973-1562

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**2005-CR-10068-RCL**

UNITED STATES OF AMERICA
    Plaintiffs

v.

THURSTON GENE GILMAN
    Defendants

## **CERTIFICATE OF SERVICE**

I, Roger D. Matthews, do hereby state that on this 27th day of October, 2005, I served a copy of the foregoing Victim Deborah Mital's Motion for Priority of Lien Against Arbor Securities Limited on Funds Currently Held by the Court to Victor A. Wild, Esq.,Assistant U.S. Attorney, Office of the U.S. Attorney, One Court house Way, Boston, MA 02210 and Thomas M. Hoopes, Esq., Kelly, Libby & Hoopes, PC, 175 Federal Street, Boston, MA 02110, and Kathleen Griffen, Victim Assistance, United.States Attorneys Office, One Courthouse Way, Suite 9200, Boston, MA 02210.

Roger D. Matthews

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                    SUPERIOR COURT NO.

DEBORAH MITAL, M.A. MITAL,
 LEAH MITAL-SKIFF, RAJ MITAL,
 STEPHEN MITAL, AND MARK MITAL
                    Plaintiffs

v.

T. GENE GILMAN, FINANCIAL LINKS, INC.,
ARBOR SECURITIES, LIMITED, AND
COMMONWEALTH FINANCIAL HOLDINGS, INC.
                    Defendants
and,
TRADETEK, LTD, TRADETEK LLC,  LEEWARD
INSURANCE AGENCY, LLC, T. GILMAN &
AND CO., LTD. AND APOLLO EYE GEAR, INC.
                Reach and Apply Defendants
and

STATE STREET BANK & TRUST, Trustee Defendant

## AFFIDAVIT OF  DEBORAH  MITAL

Deborah Feinberg Mital, being duly sworn, deposes and says as follows:

1.    To the best of my knowledge and belief, the factual statements made in the

Complaint in this action are true and accurate.

2.    I am the daughter of Miriam Feinberg, late of Newton, Middlesex County,

Massachusetts. She passed away on May 19, 2002. The defendant T. Gene Gilman was her

financial advisor and stock broker for almost twenty years and was held by her in a position of

trust and confidence.  She made him a co-executor of her Will [Middlesex Probate No.

02P2744EP1] and the Trustee of The Miriam A. Feinberg Trust. She had told me that he was

very capable and that I could trust him as well.

1

3. I met him and his wife, Diane in March or April, 2002 shortly before my mother died. It was around the time that she rewrote her Trust and Will. Mr. Gilman continued to be the Trustee. They befriended us at a time when I was very impressionable and emotional as my mother was dying. My father had already passed away. They were very nice to us and friendly. Shortly after my mother passed away, in May, 2002, we agreed to continue to use Mr. Gilman's financial services as my mother did. He immediately sent me documents related to my mother's estate and her holdings. One of these statements said it was prepared by "T. Gilman & Co. Ltd., 18 Crawford Street, Needham Heights, MA 02494. At the time I didn't even notice that name. Similarly, Mr. Gilman's information regarding "Arbor Securities" always sounded a bit vague and sketchy, but I never really questioned him and completely relied upon Mr. Gilman because he had handled my mother's finances.

4. When my children's inheritances through my father's trust were payable, I encouraged them to have Mr. Gilman handle their funds as well because he had served my mother for over 17 years. They all agreed to do so.

5. I received statements of Arbor Securities, Limited from Mr. Gilman for January, 2003, March, 2003 and May, 2003. Mr. Gilman and his wife Diane came to visit my husband and me at our home in Albuquerque, New Mexico in May, 2003. They stayed with us and we came to consider them good friends.

6. After May, however, when the regular statements stopped coming, my children started to be concerned and to question what was going on. They reported to me that they could never get satisfactory answers from Mr. Gilman and it was very hard to reach him.

2

6. The Gilmans came to Albuquerque again in early October, 2003 and visited with us. Before he arrived he sent me a letter dated October 1, 2003 enclosing a statement of my Mother's estate, and by letter dated October 6, 2003 he sent to my husband and me, an article by an estate planning lawyer from Boston. When he arrived in Albuquerque, Mr. Gilman brought with him a statement for my account as of August 31, 2003 that showed a total value of my holdings with him to be $1,319,374.59. A true copy with some of his notations on it is attached hereto as Exhibit A. Despite our childrens' concerns, we felt assured by Mr. Gilman's visit and took no action to cancel our relationship with him.

7. Through October, the children advised us that they were having all kinds of trouble communicating with Mr. Gilman and that he had not forwarded their liquidated funds as had been requested. My husband, Dr. M.A. Mital (Mindy) called Mr. Gilman on October 31, 2003 before leaving for a trip to India. He finally got through to Mr. Gilman who assured him that the status of all the accounts was fine and that the requested funds should be delivered to the children almost immediately.

8. The funds did not arrive; instead I received a call from an Attorney McNamara who advised that he was with the Atlanta District Office of the Securities and Exchange Commission and he had to ask me some questions about Mr. Gilman and his companies. He suggested to me that there were a large number of other people who had accounts with Mr. Gilman as well. I responded to his inquiries. When my husband returned from India on November 10, 2003 we immediately demanded from Mr. Gilman that our account be closed out and liquidated as well. My son, Raj, who lives with us, did the same thing on that day. We have not heard anything

3

from Mr. Gilmand and cannot get through to him.

17. I do not believe that the defendants have any insurance available to pay our claims in this matter.

18. I strongly believe that it is necessary to attach real estate and to obtain other equitable relief with respect to any assets held by the defendants in order to secure my right and my childrens' right to recover the monies owed to us by the defendants.

Signed under the penalties of perjury this_____day of November, 2003.

_____

Deborah Mital

4

from Mr Gilmand and cannot get through to him.

17  I do not believe that the defendants have any insurance available to pay our claims in this matter

18  I strongly believe that it is necessary to attach real estate and to obtain other equitable relief with respect to any assets held by the defendants in order to secure my right and my childrens' right to recover the monies owed to as by the defendants

Signed under the penalties of perjury this __ $24$ __ day of November, 2003.


Deborah Mital

4

A50150

Deborah Mital
4120 Dietz Farm Circle
Alberquerque, NM 87107

## Portfolio Performance Year-To-Date

| | 01/01/03 08/31/03 | 06/30/03 08/31/03 | 07/31/03 08/31/03 |
|---|---|---|---|
| Start Value | 0.00 | 1,308,861.07 | 1,318,375.22 |
| Net Additions | 1,183,704.57 | 10,000.00 | -5,000.00 |
| Income Distribution | 21,685.39 | 0.00 | 0.00 |
| Period Capital Gain | 113,894.63 | 20,513.52 | 5,999.37 |
| End Value | 1,319,374.59 | 1,319,374.59 | 1,319,374.59 |

*(handwritten annotations:)*
Income distrib
dividends
interest

Net additions
allowance
add principle

## Positions 08/31/03

| Symbol | Description | Position | Market Price | Value | Value% | Cumulative Profit |
|---|---|---|---|---|---|---|
| (CASH) | Cash Balance | | | 737,145.27 | 55.87% | 0.00 |
| Subtotal | Cash/Cash Equiv | | | 737,145.27 | 55.87% | 0.00 |
| AMN | Ameron International Corp | 2,760 | 34.25 | 94,530.00 | 7.16% | 19,077.70 |
| GE | General Electric Co | 2,910 | 29.25 | 85,117.50 | 6.45% | 9,274.30 |
| NEM | Newmont Mining Corp. (Gold mining & pr | 1,850 | 35.58 | 65,823.00 | 4.99% | 19,045.75 |
| NTAP | Network Appliance Inc. | 6,280 | 18.07 | 113,479.60 | 8.6% | 33,284.60 |
| PG | Procter & Gamble | 255 | 90.58 | 23,097.90 | 1.75% | -408.00 |
| PRX | Pharmaceutical Resources | 1,225 | 49.081 | 60,124.22 | 4.56% | 30,249.53 |
| SUP | Superior Industries Int'l | 1,170 | 41.63 | 48,707.10 | 3.69% | 3,749.85 |
| SYY | Sysco Corp | 3,000 | 30.45 | 91,350.00 | 6.92% | 11,350.00 |
| Subtotal | Common Stocks | | | 582,229.32 | 44.13% | 125,623.73 |
| Total | Gr. Total | | | 1,319,374.59 | 100% | 125,623.73 |

## Transactions 07/31/03 - 08/31/03

| Trans. Date | TAC | Symbol | Transaction Description | Quantity | Transaction Price | Commission | Net Amount | Share Balance | Cash Balance |
|---|---|---|---|---|---|---|---|---|---|
| 08/30/03 | WDF | (CASH) | Systematic Distribution | 0 | 0 | 0.00 | -5,000.00 | 0.00 | 737,145.27 |
| Sub Total | | | | 0 | 0 | 0.00 | -5,000.00 | | |

Accounts offered through Arbor Securities, Limited - Accounts carried by Arbor Securities, Limited



A50150

Deborah Mital
4120 Dietz Farm Circle
Alberquerque, NM 87107

## Security Performance 07/31/03 - 08/31/03

| Symbol | Description | Start Value | Income Distributions | Period Capital Gains | End Value | End Value% | Period Profit |
|--------|-------------|-------------|---------------------|---------------------|-----------|-----------|---------------|
| (CASH) | Cash Balance | 742,145.27 | 0.00 | 0.00 | 737,145.27 | 55.87% | 0.0 |
|  | Cash/Cash Equiv. | 742,145.27 | 0.00 | 0.00 | 737,145.27 | 55.87% | 0.0 |
| AMN | Ameron International Corp | 93,619.20 | 0.00 | 910.80 | 94,530.00 | 7.16% | 910.8 |
| GE | General Electric Co | 82,760.40 | 0.00 | 2,357.10 | 85,117.50 | 6.45% | 2,357.1 |
| NEM | Newmont Mining Corp. (Gold mining | 66,785.00 | 0.00 | -962.00 | 65,823.00 | 4.99% | -962.0 |
| NTAP | Network Appliance, Inc. | 100,354.40 | 0.00 | 13,125.20 | 113,479.60 | 8.6% | 13,125.2 |
| PG | Procter & Gamble | 22,406.85 | 0.00 | 691.05 | 23,097.90 | 1.75% | 691.0 |
| PRX | Pharmaceutical Resources | 69,335.00 | 0.00 | -9,210.78 | 60,124.22 | 4.56% | -9,210.7 |
| SUP | Superior Industries Int'l | 50,579.10 | 0.00 | -1,872.00 | 48,707.10 | 3.69% | -1,872.0 |
| SYY | Sysco Corp | 90,390.00 | 0.00 | 960.00 | 91,350.00 | 6.92% | 960.0 |
|  | Common Stocks | 576,229.95 | 0.00 | 5,999.37 | 582,229.32 | 44.13% | 5,999.3 |
|  | Gr. Total | 1,318,375.22 | 0.00 | 5,999.37 | 1,319,374.59 | 100% | 5,999.3 |

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                                SUPERIOR COURT NO.

| | |
|---|---|
| DEBORAH MITAL, LEAH MITAL-SKIFF, RAJ MITAL, STEPHEN MITAL, AND MARK MITAL<br><br>          Plaintiffs<br><br>v.<br><br>T. GENE GILMAN, FINANCIAL LINKS, INC., ARBOR SECURITIES, LIMITED, AND COMMONWEALTH FINANCIAL HOLDINGS, INC.<br>          Defendants<br>and,<br>TRADETEK, LTD, TRADETEK LLC, LEEWARD INSURANCE AGENCY, LLC, T. GILMAN & AND CO., LTD. AND APOLLO EYE GEAR, INC.<br>          Reach and Apply Defendants<br>and<br><br>STATE STREET BANK & TRUST, Trustee Defendant | **COMPLAINT and**<br>**JURY DEMAND** |

### *Introduction*

This is an action by the plaintiffs (members of the Mital Family) to recover assets owned

by the plaintiffs with a value of approximately one million seven hundred thousand

dollars ($1,700,000.00). These funds were fraudulently taken from them by their family's

long time trusted investment advisor, Thurston Gene Gilman. He has apparently

converted these funds to his own use or to the use of entities that he owns or controls.

The plaintiffs have all made demands for the return of their funds and have been met with

silence. They have received nothing nor been able to communicate with Mr. Gilman or

any of his entities. Thus, they seek immediate injunctive relief to prevent any further

1

dissipation of their assets and to seek security for the judgment they anticipate in this action.

## *The Parties*

1. The plaintiff, Deborah Mital resides at 4120 Dietz Farm Circle, Albuquerque New Mexico. After the death of her mother, Deborah Mital, at the suggestion and request of the defendant T. Gene Gilman, gave him $1, 205, 994.57 of funds inherited from her mother to invest on her behalf. He supposedly transferred these funds from the Trust account for which he had been the Trustee for the Miriam A. Feinberg Trust to accounts for Mrs. Mital.

2. Plaintiff, Raj P. Mital, also resides at 4120 Dietz Farm Circle, Albuquerque, New Mexico. He inherited funds from his grandfather's trust (The Walter C. Feinberg Non- Marital Trust) after the death of his grandmother. He had met Mr. Gilman who urged him to invest his funds with him. Relying on Mr. Gilman's representations, Raj invested at least $96,318.43 with Mr. Gilman in or around January, 2003.

3. Plaintiff Stephen V. Mital resides at 762 East 22nd Street, Eugene, Oregon 97405. He also accepted Mr. Gilman's request that his inheritance from the Walter Feinberg Non-Marital Trust be invested with Gilman. Relying on Mr. Gilman's representations, Stephen invested at least $99, 132.33 with Gilman in or around February, 2003.

4. Plaintiff Leah Mital-Skiff resides at 31 Imperial Drive, South Burlington, Vermont. She also accepted Mr. Gilman's request that her inheritance from the Walter Feinberg Non-Marital Trust be invested with Gilman. Relying on Mr. Gilman's representations, she invested at least $99, 132.33 with Gilman in or about February, 2003.

2

5.  Plaintiff A. Mark Mital resides at 2029 Manor Lane, Park Ridge, Illinois. He also accepted Mr. Gilman's request that his inheritance from the Walter Feinberg Non-Marital Trust be invested with Gilman. Relying on Mr. Gilman's representations, he invested at least $96, 318.43 with Gilman. On or about January 2, 2003 Gilman purportedly transferred that amount from the Walter C. Feinberg Trust to an account in the name of A. Mark Mital.

## *Defendants*

6.  The defendant Thurston Gene Gilman (a/k/a T. Gene Gilman or Gene Gilman, hereafter referred to as Gene Gilman) resides at 11 Morse Road, Newtonville, Middlesex County, Massachusetts. He holds himself out as a successful investment advisor, financial counselor and securities broker. He maintains offices at 200 and 220 Reservoir Street, Needham, Massachusetts. From those addresses he is involved in business enterprises known as Commonwealth Financial Holdings, Inc., Financial Links, Inc., Tradetek Ltd, Tradetek LLC, Leeward Insurance Agency, LLC. He also maintains a business called T. Gilman & Co. Ltd. with an address of 233 Needham St, Newton, MA. He is registered with the National Association of Security Dealers (NASD) under CRD No. 1141747.

7.  Defendant Financial Links, Inc. is a North Carolina corporation registered to do business in Massachusetts with offices at 200 Reservoir Street, Needham, MA. Gene Gilman is its resident agent in Massachusetts at the same address. It does business in the Commonwealth as Financial Links Insurance. It is registered with the United States Securities and Exchange Commission as a securities broker dealer with NASD CRD No. 41392. It was censured and fined $10,000.00 on allegations of NASD that it failed to submit necessary information for the audit trail system and failed to enforce

3

its own written procedures regarding such rules. The matter was resolved on November 25, 2002 by an acceptance, waiver and consent. It is owned by Commonwealth Financial Holdings, Inc., for which Gene Gilman is the controlling shareholder.

8. Defendant Arbor Securities, Limited (a/k/a A. S. Ltd) has been represented to the plaintiffs by Gilman as an "international broker dealer" with which he is "associated" [Seek Joint Affidavit, ¶ 5 & Ex. B thereto]. On information and belief, Gene Gilman is the only representative of Arbor and is it resident agent. All dealings or contacts purportedly made to or with Arbor by the plaintiffs can only be made through Mr. Gilman.

9. Defendant Commonwealth Financial Holdings, Inc. (CFHI) is a Delaware corporation that does business at Mr. Gilman's suite at 200 Reservoir Street, Needham, MA. On information and belief, Gene Gilman controls and owns CFHI. Much of the communication between Gilman and the plaintiffs has been conducted under the letterhead of CFHI at the above address[See, e.g. Joint Affidavit, Ex. B.]

### *Reach and Apply Defendants*

10. Reach and apply defendant TradeTek, Ltd is a Delaware corporation with offices at 200 Reservoir Street, Needham, MA and Gene Gilman is its resident agent. It was incorporated on or around November 15, 2001. Gilman is the President and Treasurer and a Director. On information and belief, Mr. Gilman has or had legal or beneficial interests in or has at present or will have future rights to payment from reach and apply defendant TradeTek, Ltd.

11. Reach and apply defendant TradeTek, LLC is a Nevada limited liability corporation with offices at 200 Reservoir Street, Needham, MA. Gene Gilman is a Manager and

4

maintains offices at the location of its resident agent, David Gelfond, at 18 Crawford St. Needham, MA. It was incorporated on or around January 23, 1998 and registered in Massachusetts on May 17, 1999. On information and belief, Mr. Gilman has or had legal or beneficial interests in or has at present or will have future rights to payment from reach and apply defendant TradeTek, LLC.

12. Reach and apply defendant Leeward Insurance Agency LLC is a domestic limited liability company with its principal office at 220 Reservoir Street, Needham, MA. Mr. Gilman is a manager and a signatory of the company which was organized in March, 2001. On information and belief, Mr. Gilman has or had legal or beneficial interests in or has at present or will have future rights to payment from reach and apply defendant Leeward Insurance Agency, LLC.

13. Reach and apply defendant T. Gilman & Co. Ltd. is a corporation organized under the laws of the Commonwealth with its principal office at 233 Needham Street, Newton, MA or 18 Crawford Street, Needham Heights, MA. Mr. Gilman is the President and Treasurer of the company which was revived as a corporation on March 1, 2000. On information and belief, Mr. Gilman has or had legal or beneficial interests in or has at present or will have future rights to payment from reach and apply defendant T. Gilman & Co. Ltd.

14. Reach and apply defendant Apollo Eye Gear, Inc. is a corporation organized under the laws of the State of Nevada with its office in Massachusetts located at 220 Reservoir Street, Needham, MA 02494. Mr. Gilman is the treasurer and David Berger is the Resident Agent. On information and belief, Mr. Gilman has or had legal or beneficial interests in or has at present or will have future rights to payment from reach and apply defendant Apollo Eye Gear, Inc.

5

## *Trustee Defendant*

15. Trustee defendant State Street Bank & Trust has its principal offices at 225 Franklin
    Street, Boston, MA and maintains other offices in Quincy, MA 02171. Defendant
    Arbor Securities, Ltd maintains accounts with State Street, including, without
    limitation, Account No. 011302836. On information and belief, State Street has
    goods, effects or credits of or for the benefit of Arbor Securities, Ltd and or Gene
    Gilman.

## *Factual Background*

16. Plaintiff Deborah Mital is the daughter of Miriam Feinberg, late of Newton,
    Middlesex County, Massachusetts who passed away on May 19, 2002. The defendant
    T. Gene Gilman was her financial advisor and stock broker for almost twenty years
    and was held by her in a position of trust and confidence. She made him a co-
    executor of her Will [Middlesex Probate No. 02P2744EP1] and the Trustee of The
    Miriam A. Feinberg Trust. The Trust was restated in its entirety on April 11, 2002,
    just before Miriam Feinberg's death. The beneficiaries of the Miriam A. Feinberg
    Trust are The Deborah F. Mital Trust and The Miriam A. Feinberg Grandchildren's
    Trust whose beneficiaries are the plaintiffs herein.

17. Mr. Gilman befriended Mrs. Mital and her husband in early spring, 2002, when she
    was very impressionable and emotional because her mother was dying. Upon her
    death, he urged the Mitals to continue to use his financial services as their mother
    had. He forwarded documents related to the estate and its holdings including some
    prepared by "T. Gilman & Co. Ltd., 18 Crawford Street, Needham Heights, MA

6

02494". The Mitals never really questioned Gilman but completely relied on him

because of his fiduciary and trust relationship with Mrs. Mital's deceased mother.

18. Mrs. Mital then told her children, plaintiffs Raj Mital, Stephen Mital, Mark Mital and

Leah Mital-Skiff that they should have their inheritances through their grandfather's

trust handled by Mr. Gilman as well. They all agreed to do so commencing in and

around January, 2003. Mr. Gilman had full discretion to invest their funds, determine

trades and who should make the trades.

19. In early November 2002, Mr. Gilman had sent each of the children a letter stating that

each of them had inherited $102,634.00 of which $98,486.00 were liquid assets and

the remaining was in an annuity due to mature within a year. He requested that they

continue to invest with him citing his success with their grandparents' investments for

over 17 years. His letter was on the letterhead of Commonwealth Financial Holdings,

Inc. with an address of 200 Reservoir Street, Needham, MA 02494. A copy of the

letter as sent to Leah Mital Skiff is attached as Exhibit A to the Joint Affidavit filed

herewith.

20. He also sent them correspondence describing the interconnection between his

investment services and his related companies, including the defendant Financial

Links as his "domestic broker dealer" and "Arbor Securities" as "an international

broker dealer" who worked in a close relationship with a company called TradeTek,

Inc. Gilman specifically recommended that they use Arbor Securities as the vehicle

for their investments. See Exhibit B to the Joint Affidavit.

21. Mr. Gilman and his wife Diane continued to curry favor with the Mitals and visited

them in their home in Albuquerque, New Mexico in May, 2003. After that time,

regular statements of account stopped coming from Mr. Gilman. The Mital children

7

reported that they could hardly reach Mr. Gilman and could never get satisfactory answers to their questions.

22. In June 2003 Mark Mital noticed that the commission charges to him for the stocks that were acquired in April, 2003 and sold in May, 2003 were $125.00 for each transaction. This is exceedingly high and Gilman had previously represented that "The fees are very competitive, usually in the $15 to $20 per stock transaction...". [See Exhibit B to Joint Affidavit]. Gilman had not given fee schedules to the plaintiffs and never responded to this misrepresentation.

23. By late September 2003 the Mital children were getting very concerned over the inability to speak to Mr. Gilman directly about their accounts and the fact that no statements had been forthcoming for months. They finally reached him in early October and he promised statements would come immediately. They did not. Subsequently, Gilman became upset when he learned that the Mitals had tried to get information from the North Carolina office of Financial Links.

24. Stephen Mital was the first to demand that his account be liquidated and the funds sent directly to him. Gilman responded that it would take 4- 6 weeks notwithstanding his representation in the December 2, 2002 letter that "[monies] that are invested in securities would be available within four business days." Leah Mital also demanded that her funds be returned immediately as did Mark. See Exhibit D to the Joint Affidavit where Gilman acknowledges their requests and promises the funds will be sent immediately.

25. The Gilmans came to Albuquerque again in early October, 2003. Mr. Gilman brought with him a statement of Dr. and Mrs. Mital's account as of August 31, 2003

8

that showed assets invested with him to be $1,319,374.59. See Exhibit A to the Affidavit of Deborah Mital, filed herewith.

26. On October 31, 2003 Dr. Mital called Gilman on behalf of his children and was further promised that the monies would be sent immediately. The funds did not arrive. Mrs. Mital received instead, a call from the Atlanta District Office of the Securities and Exchange Commission inquiring about Mr. Gilman and his companies.

27. Thereafter, Mrs. Mital and Raj Mital promptly demanded from Mr. Gilman that their accounts be closed out and liquidated as well. They have heard nothing from Mr. Gilman and cannot get through to him.

28. Any efforts to contact Arbor Securities have also been in vain. Although in the course of the limited communications addresses were referenced in Vancouver B.C. and in Nassau , Bahamas, Arbor Securities Limited is not registered to do business in either jurisdiction according their respective securities regulatory agencies. See Affidavit of Roger D. Matthews, filed herewith.

29. The last statements received by the individual plaintiffs show that they had the following account balances due and owing to them as of the date shown:

| a. | Deborah Mital , as of August 31, 2003: | $1,319,374.59 |
|----|----------------------------------------|---------------|
| b. | Raj Mital, as of August 31, 2003:      | $110, 932.62  |
| c. | Stephen Mital, as of October 9, 2003:  | $127, 780.08  |
| d. | Leah Mital- Skiff, as of October 9, 2003: | $127, 780.08 |
| e. | Mark Mital, as of October 9, 2003:     | $11,723.84    |

30. Despite their individual efforts and demands, the Mitals are now owed the amount of $1, 697, 591.21 as of the above dates, with interest investment appreciation thereon.

9

## COUNT I

### Breach of Fiduciary Duty

31. The plaintiffs restate the allegations of paragraphs 1- 30 as if herein set forth.

32. Defendant Gilman owed a special duty of trust and confidence to the plaintiffs in the handling of their investment accounts. Part of that duty was to act with the utmost care, loyalty and fidelity and in the best interests of the plaintiffs, including to timely follow their instructions or directions and to return their assets to them upon request. He repeatedly represented to the plaintiffs that he would handle their financial affairs with the utmost care and fiduciary responsibility.

33. All the plaintiffs have demanded the liquidation of their accounts with Gilman and the return of their assets.

34. Gilman has neglected, failed and refused to return the funds due the plaintiffs and breached his fiduciary duty to the plaintiffs.

## COUNT II

### Conversion

35. The plaintiffs restate the allegations of paragraphs 1-34 as if herein set forth,

36. The defendants Gilman, Arbor Securities, Financial Links, Inc. and Commonwealth Financial Holdings, Inc. have possession or control of the monies or securities of the plaintiffs, without the right to do so, and may have used them for their own benefit.

37. Said defendants have wrongfully converted the assets of the plaintiffs.

## COUNT III

### Fraud

38. The plaintiffs restate the allegations of paragraphs 1-37 as if herein set forth.

39. The defendants Gilman, Arbor Securities, Financial Links, Inc. and Commonwealth Financial Holdings, Inc. have misrepresented material facts concerning their stewardship of the plaintiffs' assets and have falsely misrepresented to the plaintiffs the condition, control, fiduciary responsibility, finances and assets of the plaintiffs.

40. The plaintiffs relied upon these representations to their detriment, and as a result thereof have been damaged.

## COUNT IV

### Civil Conspiracy

41. The plaintiffs restate the allegations of paragraphs 1-40 as if herein set forth.

42. The defendants Gilman, Arbor Securities, Financial Links, Inc. and Commonwealth Financial Holdings, Inc., as represented by defendant Gilman are all involved in the management, advice concerning and investment of the plaintiffs' assets.

43. Said defendants acted in concert to deprive the plaintiffs of their assets and gave assistance and encouragement to each other towards this wrongful end.

44. By acting in concert, the defendants were able to exercise wrongful control over the plaintiffs' assets with the intention of concealing them from the plaintiffs and depriving the plaintiffs of their funds.

## COUNT V

### Negligent Misrepresentation

45. The plaintiffs restate the allegations of paragraphs 1-44 as if herein set forth.

46. The defendants Gilman, Arbor Securities, Financial Links, Inc. and Commonwealth Financial Holdings, Inc. have negligently misrepresented material facts concerning their stewardship of the plaintiffs' assets, and have negligently misrepresented to the plaintiffs the condition, control, fiduciary responsibility and location of their assets.

11

The plaintiffs relied upon these representations to their detriment, and as a result thereof have been damaged.

47. The plaintiffs relied upon these representations to their detriment, and as a result thereof have been damaged.

## COUNT VI

### Failure to Account

48. The plaintiffs restate the allegations of paragraphs 1-47 as if herein set forth.

49. The defendants Gilman, Arbor Securities, Financial Links, Inc. and Commonwealth Financial Holdings, Inc. are engaged in recommending, buying, selling, investing securities and other investments. They had complete discretion to invest the plaintiffs' assets and owed plaintiffs the highest level of fiduciary duty.

50. The defendant Gilman, in addition, as trustee of family trusts of which the plaintiffs are the beneficiaries, owe the plaintiffs additional fiduciary responsibilities, including the need to account for all funds and assets belonging to the plaintiffs.

51. The plaintiffs have demanded an accounting of their funds and the payment of their monies. The defendants have continued to refuse to account for the plaintiffs funds, including without limitation, the annuity amounts due the plaintiff Mital children, the trust funds under the Miriam A. Feinberg Trust, the Walter C. Feinberg Trust and the Deborah Mital Trust and the Grandchildren's Trust.

## COUNT VII

### Violation of G.L. c. 93A

52. The plaintiffs restate the allegations of paragraphs 1-51 as if herein set forth.

53. The defendants are engaged in trade or commerce within the Commonwealth of Massachusetts.

54. The defendants committed unfair and deceptive trade acts or practices in violation of
G.L. chapter 93A.

55. As a result of those actions, the plaintiffs have been damaged.

WHEREFORE, the plaintiffs pray that the Court:

1. Enter an ex parte order temporarily restraining and enjoining the Defendants T.
Gene Gilman, Arbor Securities Limited (aka A.S. Ltd), Financial Links, Inc. and
Commonwealth Financial Holdings, Inc. and their agents, servants, employees,
attorneys, those persons in active participation or concert with them who receive
notice of this order by personal service or otherwise, preventing each and
everyone of them from secreting, concealing, destroying, damaging, selling,
transferring, pledging, encumbering, assigning or in any way disposing of or
reducing their assets, or in any way making any payment, transfer, assignment,
withdrawal, pledge, hypothecating, mortgage, or other encumbrance or
distribution of any monies, cash, property rights or assets of any of the
Defendants or their affiliates, except to unaffiliated third parties or third party
creditors or vendors as expressly required in the ordinary course of business and,
as to any such payments made in the ordinary course of business, each Defendant
shall account to the Court monthly identifying to whom such payments were
made and on account of what obligations.

2. Enter an ex parte temporary restraining order against the Reach and Apply
Defendants, their agents, servants, employees, attorneys, those persons n active
participation or concert with them who receive notice of this order by personal
service or otherwise, preventing each and every one of them secreting,
concealing, destroying, damaging, selling, transferring, pledging, encumbering,

13

assigning or in any way disposing of or reducing the value of the equitable

interests of the defendants described in paragraphs 10-14 inclusive, or in any way

making any payment, transfer, assignment, withdrawal, pledge, hypothecating,

mortgage, or other encumbrance or distribution of any monies, cash, property

rights or assets to or for the benefit of any of the named Defendants or their

affiliates or creditors, except any payments as expressly required in the ordinary

course of business and, as to any such payments made in the ordinary course of

business, each such Reach and Apply Defendant shall account to the Court

monthly identifying to whom such payments were made and on account of what

obligations.

3.  Pursuant to Mass R. Civ. P. 4.2(g) and 65 upon ex parte hearing, order the

issuance and service of a trustee summons to the State Street Bank & Trust as set

forth in Plaintiff's Motion for Approval of Attachment on Trustee Process.

4.  Pursuant to Mass R. Civ. P. 4.1(f) upon ex parte hearing, order the attachment of

all the right title and interest of the Defendant T. Gene Gilman, in any real estate

located in Middlesex or Norfolk counties, Massachusetts, including without

limitation the property located at 11 Morse Road, Newton, MA.

5.  Enter an ex parte order temporarily restraining and enjoining the Defendants T.

Gene Gilman, Arbor Securities Limited (aka A.S. Ltd), Financial Links, Inc. and

Commonwealth Financial Holdings, Inc. and their agents, servants, employees,

attorneys, those persons in active participation or concert with them from

destroying, materially altering, secreting, transferring or alienating in any fashion

whatsoever any of the books and records of the defendants that include, refer to or

account for the investment funds of the plaintiffs or the Trusts of which they are

14

beneficiaries, and that said defendants be affirmatively ordered to maintain and preserve said books and records.

6. That the Court issue a short order of Notice.

7. After hearing, enter a preliminary injunction under Prayers 1, 2 and 5.

8. Enter a money judgment in favor of Plaintiff Deborah Mital in the amount of $1, 319,374.59, plus accrued investment income and interest under Counts I-V against the defendants.

9. Enter a money judgment in favor of Plaintiff Raj Mital in the amount of $110, 932.62, plus accrued investment income and interest under Counts I-V against the defendants.

10. Enter a money judgment in favor of Plaintiff Stephen Mital in the amount of $127, 780.08, plus accrued investment income and interest under Counts I-V against the defendants.

11. Enter a money judgment in favor of Plaintiff Leah Mital- Skiff in the amount of $127, 780.08, plus accrued investment income and interest under Counts I-V against the defendants.

12. Enter a money judgment in favor of Plaintiff Mark Mital in the amount of $11, 723.84, plus accrued investment income and interest under Counts I-V against the defendants.

13. Order the Defendants to account to the plaintiffs under Count VI of the Complaint for all funds or assets for which the plaintiffs are beneficiaries either held in their own names or as designated beneficiaries of the Trusts created by either Walter or Miriam Feinberg whose funds the Defendants have possessed and controlled.

15

14. Determine the amounts due to the plaintiffs from the defendants, jointly and severally and, pursuant to Count VII, treble that amount.

15. Award the plaintiffs their reasonable attorneys fees.

16. Grant such other relief that the Court deems meet and just.

> DEBORAH MITAL, LEAH MITAL-SKIFF,
> RAJ MITAL, STEPHEN MITAL, and MARK
> MITAL
>
> By their attorney
>
> Roger D. Matthews
> BBO No. 325,000, Of Counsel
> Prince, Lobel, Glovsky & Tye LLP
> 585 Commercial Street
> Boston, MA 02109
> 617-456-8000
> Fax 617-456-8100

## DEMAND FOR JURY TRIAL

The plaintiffs hereby demand trial by jury on all issues so triable.

> DEBORAH MITAL, LEAH MITAL-SKIFF,
> RAJ MITAL, STEPHEN MITAL, and MARK
> MITAL
>
> By their attorney
>
> Roger D. Matthews
> BBO No. 325,000, Of Counsel
> Prince, Lobel, Glovsky & Tye LLP
> 585 Commercial Street
> Boston, MA 02109
> 617-456-8000
> Fax 617-456-8100

16

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

### E X E C U T I O N

CIVIL DOCKET# **MICV2003-04831**

**Deborah Mital et al v T. Gene Gilman et al**

To the Sheriffs of our Several Counties or their Deputies, GREETING:

**WHEREAS Deborah Mital, a resident in Albuquerque, in the State of New Mexico** of by the consideration of our Justices of our Superior Court at Middlesex, aforesaid, on **23 June 2004** recovered Judgment against **Thurston Gene Gilman, a/ka T. Gene Gilman or Gene Gilman, a resident in Newtonville, Financial Links Inc, a North Carolina corporation doing business in Needham, Arbor Securities, limited, a business in Needham, Commonwealth Financial Holdings, Inc., a Delaware corporation doing business in Needham, all in the Commonwealth of Massachusetts, Jointly and Severally** for the sum of **One Million Four Hundred Ten Thousand Four Hundred Sixty Six Dollars and Forty Five Cents** debt or damages, as to us appears of record, where execution remains to be done:

| | |
|---|---|
| DAMAGES: | $1,410,466.45 |
| POST JUD/INT: | $36,170.09 |
| **TOTAL:** | **$1,446,636.54** |
| Fees: | 29,087.37 |
| | 1,475,725.91 |

**We command you** therefore, that of the goods, chattels or land of the said judgment debtors within your precinct, you cause to be paid and satisfied unto the said judgment creditors, at the value thereof in money, with interest thereon in the sum of **Thirty Six Thousand One Hundred Seventy Dollars and Nine Cents** from day of the rendition of said Judgment to date of execution the aforesaid sums, being **$1,446,636.54** in the whole, and thereof also to satisfy yourself for your own fees.

Hereof fail not, and make return of this writ with your doing thereon into the Clerk's office of said Court at Cambridge, within our County of Middlesex, and to make return of this writ within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

**Witness, Suzanne V. DelVecchio,** Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 9th day of September, 2004.

**RETURN TO:**
Roger D Matthews, Esquire
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109

*Karen A. O'Connor*
Deputy Assistant Clerk

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

#### EXECUTION

CIVIL DOCKET# **MICV2003-04831**

**Mark Mital et al v T. Gene Gilman et al**

To the Sheriffs of our Several Counties or their Deputies, GREETING:

**DAMAGES:**     **$12,533.27**
**POST JUD/INT:**     **$321.40**

**TOTAL:**     **$12,854.67**

**WHEREAS Mark Mital, a resident in Park Ridge, in the State of Illinois** of by the consideration of our Justices of our Superior Court at Middlesex, aforesaid, on **23 June 2004** recovered Judgment against **Thurston Gene Gilman, a/k/a T. Gene Gilman or Gene Gilman, a resident in Newtonville, Financial Links Inc, a North Carolina corporation doing business in Needham, Arbor Securities, limited, a business in Needham, Commonwealth Financial Holdings, Inc., a Delaware corporation doing business in Needham, all in the Commonwealth of Massachusetts, Jointly and Severally** for the sum of **Twelve Thousand Five Hundred Thirty Three Dollars and Twenty Seven Cents** debt or damages, as to us appears of record, where execution remains to be done:

**We command you** therefore, that of the goods, chattels or land of the said judgment debtors within your precinct, you cause to be paid and satisfied unto the said judgment creditors, at the value thereof in money, with interest thereon in the sum of **Three Hundred Twenty One Dollars and Forty Cents** from day of the rendition of said Judgment to date of execution the aforesaid sums, being **$12,854.67** in the whole, and thereof also to satisfy yourself for your own fees.

Hereof fail not, and make return of this writ with your doing thereon into the Clerk's office of said Court at Cambridge, within our County of Middlesex, and to make return of this writ within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 9th day of September, 2004.

**RETURN TO:**
Roger D Matthews, Esquire
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109

*Karen A. Connor*

Deputy Assistant Clerk

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

### EXECUTION

CIVIL DOCKET# **MICV2003-04831**

**Raj Mital et al v T. Gene Gilman et al**

### To the Sheriffs of our Several Counties or their Deputies, GREETING:

**WHEREAS Raj Mital, a resident in Albuquerque, in the State of New Mexico** of by the consideration of our Justices of our Superior Court at Middlesex, aforesaid, on **23 June 2004** recovered Judgment against **Thurston Gene Gilman, a/ka T. Gene Gilman or Gene Gilman, a resident in Newtonville, Financial Links Inc, a North Carolina corporation doing business in Needham, Arbor Securities, limited, a business in Needham, Commonwealth Financial Holdings, Inc., a Delaware corporation doing business in Needham, all in the Commonwealth of Massachusetts, Jointly and Severally** for the sum of **One Hundred Eighteen Thousand Five Hundred Ninety One Dollars and Sixty Cents** debt or damages, as to us appears of record, where execution remains to be done:

| | |
|---|---|
| **DAMAGES:** | **$118,591.60** |
| **POST JUD/INT:** | **$3,041.17** |
| **TOTAL:** | **$121,632.77** |

**We command you** therefore, that of the goods, chattels or land of the said judgment debtors within your precinct, you cause to be paid and satisfied unto the said judgment creditors, at the value thereof in money, with interest thereon in the sum of **Three Thousand Forty One Dollars and Seventeen Cents** from day of the rendition of said Judgment to date of execution the aforesaid sums, being **$121,632.77** in the whole, and thereof also to satisfy yourself for your own fees.

Hereof fail not, and make return of this writ with your doing thereon into the Clerk's office of said Court at Cambridge, within our County of Middlesex, and to make return of this writ within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 9th day of September, 2004.

**RETURN TO:**
Roger D Matthews, Esquire
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109

Deputy Assistant Clerk

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

**E X E C U T I O N**

CIVIL DOCKET# **MICV2003-04831**

**Stephen Mital et al v T. Gene Gilman et al**

To the Sheriffs of our Several Counties or their Deputies, GREETING:

|  |  |
|---|---|
| **DAMAGES:** | **$136,602.23** |
| **POST JUD/INT:** | **$3,503.04** |
| **TOTAL:** | **$140,105.27** |

**WHEREAS Stephen Mital, a resident in Eugene, in the State of Oregon** of by the consideration of our Justices of our Superior Court at Middlesex, aforesaid, on **23 June 2004** recovered Judgment against **Thurston Gene Gilman, a/ka T. Gene Gilman or Gene Gilman, a resident in Newtonville, Financial Links Inc, a North Carolina corporation doing business in Needham, Arbor Securities, limited, a business in Needham, Commonwealth Financial Holdings, Inc., a Delaware corporation doing business in Needham, all in the Commonwealth of Massachusetts, Jointly and Severally** for the sum of **One Hundred Thirty Six Thousand Six Hundred Two Dollars and Twenty Three Cents** debt or damages, as to us appears of record, where execution remains to be done:

**We command you** therefore, that of the goods, chattels or land of the said judgment debtors within your precinct, you cause to be paid and satisfied unto the said judgment creditors, at the value thereof in money, with interest thereon in the sum of **Three Thousand Five Hundred Three Dollars and Four Cents** from day of the rendition of said Judgment to date of execution the aforesaid sums, being **$140,105.27** in the whole, and thereof also to satisfy yourself for your own fees.

Hereof fail not, and make return of this writ with your doing thereon into the Clerk's office of said Court at Cambridge, within our County of Middlesex, and to make return of this writ within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 9th day of September, 2004.

**RETURN TO:**
Roger D Matthews, Esquire
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109

Deputy Assistant Clerk

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

**E X E C U T I O N**

CIVIL DOCKET# **MICV2003-04831**

**Leah Mital-Skiff  et al v T. Gene Gilman et al**

To the Sheriffs of our Several Counties or their Deputies, GREETING:

**DAMAGES:**          **$136,602.23**
**POST JUD/INT:**      **$3,503.04**

**TOTAL:**            **$140,105.27**

**WHEREAS Leah Mital-Skiff, a resident in South Burlington, in the State of Vermont** of by the consideration of our Justices of our Superior Court at Middlesex, aforesaid, on **23 June 2004** recovered Judgment against **Thurston Gene Gilman, a/k/a T. Gene Gilman or Gene Gilman, a resident in Newtonville, Financial Links Inc, a North Carolina corporation doing business in Needham, Arbor Securities, limited, a business in Needham, Commonwealth Financial Holdings, Inc., a Delaware corporation doing business in Needham, all in the Commonwealth of Massachusetts, Jointly and Severally** for the sum of **One Hundred Thirty Six Thousand Six Hundred Two Dollars and Twenty Three Cents** debt or damages, as to us appears of record, where execution remains to be done:

**We command you** therefore, that of the goods, chattels or land of the said judgment debtors within your precinct, you cause to be paid and satisfied unto the said judgment creditors, at the value thereof in money, with interest thereon in the sum of **Three Thousand Five Hundred Three Dollars and Four Cents** from day of the rendition of said Judgment to date of execution the aforesaid sums, being **$140,105.27** in the whole, and thereof also to satisfy yourself for your own fees.

Hereof fail not, and make return of this writ with your doing thereon into the Clerk's office of said Court at Cambridge, within our County of Middlesex, and to make return of this writ within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

**Witness, Suzanne V. DelVecchio**, Esquire, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 9th day of September, 2004.

**RETURN TO:**
Roger D Matthews, Esquire
Prince Lobel Glovsky & Tye
585 Commercial Street
Boston, MA 02109

Karen A. O'Connor
Clerk

MIDDLESEX SS.,

By virtue of this execution, on the 9th day of October A.D. 2004, I demanded of the within-named corporation,

**Arbor Securities, Ltd.**

Payment of the within execution, together with my fees, or exhibition to me of real or personal estate of the said corporation, upon which I could levy and satisfy the same, by delivering in hand to

**Thurston Gene Gilman**

And the (Officer-Person) in charge of its business, an attested copy of this execution with my said demand endorsed thereon; and the said corporation has neglected and failed to pay me the amount due on this execution or any part thereof, for more than thirty days after said demand and has neglected and failed for more than thirty days after said demand to exhibit to me real or personal estate of the said corporation, subject to be taken on execution of any part thereof.

FEES:

| | |
|---|---|
| DEMAND | 30.00 |
| COPIES | 5.00 |
| TRAVEL | 0.00 |
| M.V. | 0.00 |
| POST/HAND | 0.00 |

TOTAL    $35.00

*John F. Kennedy*

DEPUTY SHERIFF