```
                  IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA            ) CRIMINAL CASE NO. 05-10068-RCL
                                    )
            v.                      )
                                    )
THURSTON GENE GILMAN                )
                                    )
```

### GOVERNMENT'S MEMORANDUM OF LAW REGARDING APPLICATION OF SENTENCING GUIDELINES EFFECTIVE NOVEMBER 5, 2003

The United States submits its Memorandum of Law for this Court's consideration in determining whether the United States Sentencing Commission Guidelines effective November 5, 2003 apply to sentencing in this case.[1]

### BACKGROUND

Defendant Gilman has pleaded guilty to a 37-count indictment and is scheduled for sentencing. The defendant has raised an issue regarding which version of the sentencing guidelines is applicable. See defendant's objection #7 and objection #12[10] to Presentence Report; see also U.S. Probation Officer's Response at pp. 36-37, 44 of Presentence Report.

Gilman is charged with violation of the Investment Advisors Act, 18 substantive wire fraud counts and 18 substantive mail fraud

---

[1] As set forth in the Presentence Report at p. 37, where the Sentencing Guidelines manual in effect at the time of commission of the offense and the manual in effect at the time of sentencing are the same, Section 1B1.11 directs that the manual in effect at time of sentencing shall be applied.

counts, all arising from a scheme to defraud investors.  The scheme began in November 1998 and continued on November 5, 2003, which was also the effective date for the amended 2003 Sentencing Guidelines.

Adding to the discussion is the fact that Gilman's attorney contacted the U.S. Attorney's office in Boston, MA on November 3, 2003, to begin negotiation of an agreement under which the defendant would inform the Government of the subject fraudulent scheme in exchange for certain considerations by the Government. It was not until November 10, 2003, that agreed-upon terms were settled and a proffer letter presented to the defendant.  In the interim, on November 5, 2003, the defendant committed an additional act in his scheme by illegally diverting $75,000 of investor funds from an offshore account in the name of Arbor Securities to an account at BankBoston in the name of TradeTek, Inc.

## DISCUSSION

The matter at issue is which version of the Sentencing Guidelines is applicable to a fraudulent scheme that began prior to, and continued into, the effective day of amendments to the Sentencing Guidelines.

"The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." United States v. Booker, 125 S. Ct. 738, 767 (2005). Consultation requires district courts to correctly calculate the sentencing range prescribed by the Guidelines as done pre-Booker.

United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005); U.S. v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). Consequently, the application of the correct version of the guidelines is required. United States v. Baretz, 411 F.3d 867, 873-874 (7th Cir. 2005).

Section 1B1.11 of the potentially applicable Sentencing Guidelines, unchanged through 2002, 2003 and 2004 revised editions, provides:

> (a) The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.
>
> (b) (1) If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.
>
> (2) The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes.
>
> (3) If the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses.

18 USCS Appx § 1B1.11.

The commentary to Section 1B1.11 of the Sentencing Guidelines further instructs:

>   Under subsection (b)(1), the last date of the offense of conviction is the controlling date for ex post facto purposes. For example, if the offense of conviction (i.e., the conduct charged in the count of the indictment or information of which the defendant was convicted) was determined by the court to have been committed between October 15, 1991 and October 28, 1991, the date of October 28, 1991 is the controlling date for ex post facto purposes. This is true even if the defendant's conduct relevant to the determination of the guideline range under § 1B1.3 (Relevant Conduct) included an act that occurred on November 2, 1991 (after a revised Guideline Manual took effect).

18 USCS Appx § 1B1.11, cmt.

The ex post facto clause, U.S. Const., art. I, § 9, cl. 3, forbids the application of any law which increases the punishment for pre-existing conduct. Miller v. Florida, 482 U.S. 423, (1987); United States v. Havener, 905 F.2d 3, 5 (1st Cir. 1990). When the sentencing guidelines were originally enacted, the application of harsher penalties for crimes that straddled the date on which the guidelines went into effect was challenged under the Constitution's Ex Post Facto clause. See United States v. Tharp, 892 F.2d 691 (8th Cir. 1989)(constitutional and congressional intent discussed in favor of application of guidelines to crimes straddling the amended statute). The First Circuit ruled that the stated effective date was manifestly clear, and thus the guidelines applied to offenses committed *on or after* November 1, 1987. Ortiz-Casanova v. United States, 1995 U.S. App. LEXIS 11652 (1st Cir. 1995)(per curiam)(citing United States v. Twomey, 845 F.2d 1132, 1135 (1st Cir. 1988).

Likewise, amendments to the sentencing guidelines should apply to all offenses committed *on or after* the stated effective date of the revised edition. Application of the sentencing guidelines to continued offenses that straddle their enactment has been ruled constitutional. See, e.g., United States v. Rostoff, 53 F.3d 398, 404 (1st Cir. 1995)(It is well established that the sentencing guidelines apply to offenses that straddle the effective date of the guidelines). Similarly, where a continued criminal offense straddles the former and revised editions of the sentencing guidelines, application of the new version does not violate the ex post facto clause of the constitution. United States v. Regan, 989 F.2d 44, 48 (1st Cir. 1993). By way of example, the First Circuit has treated mail fraud charges as straddling the enactment of guidelines when connected to a scheme to defraud. United States v. Starck, 974 F.2d 1329 (table), 1992 U.S. App. LEXIS 30055 (1st Cir. 1992)(copy attached)(the application of the guidelines to a defendant's conviction for several counts of mail fraud and one count of inducing interstate transportation to obtain property by fraud did not violate constitutional concerns where the fraud straddled the enactment of the guidelines).

"[E]ven in a complex case involving multiple counts that occurred under several different versions of the Guidelines Manual, it will not be necessary to compare more than two manuals to determine the applicable guideline range--the manual in effect at

5

the time the last offense of conviction was completed and the manual in effect at the time of sentencing." 18 USCS Appx § 1B1.11, cmt background; citing United States v. Stephenson, 921 F.2d 438 (2d Cir. 1990) (holding that the Sentencing Commission and Congress intended that the applicable version of the guidelines be applied as a "cohesive and integrated whole" rather than in a piecemeal fashion.

## CONCLUSION

Based on the defendant's act of fraudulently transferring an additional $75,000 from investor funds on November 5, 2003, the Sentencing Guidelines effective November 5, 2003 should apply to sentencing in this case.

Respectfully submitted this 12th day of December, 2005.

             MICHAEL J. SULLIVAN
             UNITED STATES ATTORNEY


        By: /s/ Victor A. Wild
           VICTOR A. WILD
           Suite 9200
           One Courthouse Way
           Boston, MA 02210
           (617) 748-3100

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon THOMAS M. HOOPES, Esq., *Kelly, Libby & Hoopes*, 175 Federal Street, Boston, MA 02110.

            /s/ Victor A. Wild
            VICTOR A. WILD
            Assistant U.S. Attorney