```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |                                    |
|------------------------------|------------------------------------|
| UNITED STATES OF AMERICA     | )                                  |
|                              | ) CRIMINAL CASE NO. 05-10068-RCL   |
| v.                           | )                                  |
|                              | )                                  |
| THURSTON GENE GILMAN         | )                                  |

**GOVERNMENT'S MEMORANDUM REGARDING RESTITUTION PRIORITY**

The United States submits the following Memorandum of Law for this Court's consideration regarding prioritization among victims entitled to restitution.

The Memorandum does not involve any issues in dispute between the Government and the Defendant, nor issues relating to the Presentence Report.

**BACKGROUND**

Deborah Mital is one of approximately 30 victims of the scheme charged in the Indictment. Victim Mital filed a Motion for Priority of Lien which demands that she receive restitution priority above all other victims in this case,[1] for the reason that Mital and her children filed for and obtained a judgment for $1,861,334.52 against the defendant and related entities before the defendant was indicted.

---

[1] If Mital were granted such prioritization, she would receive all funds currently identified as potentially available for restitution among the victims.

**MEMORANDUM**

>Title 18 United States Code, Section § 3664(I) provides:
>
>If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.

Under this section and § 3664(f)(3)(a), a court has discretion to create distribution schemes, including priority of payment among victims, taking into account "each victim's loss" and "the economic circumstances of each victim." See also United States v. Perry, 360 F.3d 519, 535 (6th Cir. 2004).

After an order of restitution is filed, the United States or an individual victim may enforce the order through civil procedures. See 18 U.S.C. § 3664(m); United States v. Rostoff, 164 F.3d 63, 67 (1st Cir. 1999). However, a victim's subsequent action of enforcement cannot include reimbursement for more than the supporting judgment or challenge the order, including with regard to the distribution scheme or priorities set by the court. 18 U.S.C. § 3664(m); United States v. Perry, 360 F.3d 519, 537 (victims' lien against a defendant's property could not exceed value of underlying order). Thus, priority of payment among individual victims is within the sole discretion of the court based upon **each** victim's individual circumstances of need, and

should not be affected by a subsequent civil action.  The matter before this Court involves the same principle, except that the Mital claim for prioritization is based upon a preceding civil action.

> According to Section 3664(j)(2):
>
> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
>
> (A) any Federal civil proceeding; and
> (B) any State civil proceeding, to the extent provided by the law of the State.

This has been read to prohibit victims from receiving more in compensation than required to make them whole.[2]  <u>United States v. Nucci</u>, 364 F.3d 419, 424 (2d Cir. 2004).  It also reinforces the principle that the Mandatory Victims Restitution Act works similarly to a tort statute.  <u>United States v. Bach</u>, 172 F.3d 520, 523 (7th Cir. 1999)(the MVRA is not subject to the ex post facto clause by virtue of it not being a penal statute); <u>United States v. Rostoff</u>, 164 F.3d 63, 71 (1st Cir. 1999)("The nature of restitution is penal and not compensatory"); <u>United States v. Ahmed</u>, 2 F.3d 245, 249 (7th Cir. 1993)(similar to civil judgment collection, a restitution order is collected by the defendant

---

[2] For there to be any offset to the amount of restitution imposed, the civil settlement or compensatory damages must be for the exact same harms, loss or cost for which restitution was ordered.  <u>United States v. Cupit</u>, 169 F.3d 536 (8th Cir. 1999); <u>United States v. Miller</u>, 900 F.2d 919, 922-924 (6th Cir. 1990).

paying as much as he can in good-faith).  However, a restitution order pursuant to 18 U.S.C. § 3613© constitutes a lien on all the property of the person and is the equivalent of a federal tax lien.  Thus, "[o]nce a criminal judgment of restitution has entered, the offender has a duty to marshal all of his assets in an effort to satisfy it.  The only assets not available for restitution are: 1) assets subject to superior, secured interests of innocent third parties, and 2) those assets necessary for the criminal offender to house, clothe, and feed himself and those to whom he owes a statutory or common law duty of support."  <u>United States v. Rostoff</u>, 966 F. Supp. 1275, 1278 (D. Mass. 1997).

Although a court imposing an order of restitution of may take into consideration the effects of civil litigation against the defendant in order to prevent double payment, the two judgments are separate means of collection.  Whereas restitution is a form of criminal punishment, it should not be used as enforcement of a separate third party civil claim.  <u>Kelly v. Robinson</u>, 479 U.S. 36, 55 (1986)(restitution is meant to have deterrent and rehabilitative goals beyond victim compensation).  Granting priority to victims who file civil litigation may be inappropriate under a restitution order in a criminal case, because the two methods of compensation have independent collection methods.

Moreover, this Court may determine that exercising its discretion to grant such priority would only encourage and facilitate a race to the courthouse among victims, inadvertently awarding those circumstantially placed to have earlier information or greater resources, at the disadvantage of other victims who may be similarly harmed or who may even have suffered greater losses.  Finally, such a prioritization may fail to take into account "the type and amount of each victim's loss" and may fail to take into account "the economic circumstances of each victim", as required by Section 3664(I).

Respectfully submitted this 17th day of January 2006.

                MICHAEL J. SULLIVAN
                United States Attorney

By:  */s/ VICTOR A. WILD*
     VICTOR A. WILD
     Assistant U.S. Attorney
     Suite 900
     One Courthouse Way
     Boston, MA 02210
     (617) 748-3145

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon THOMAS M. HOOPES, Esq., *Kelly, Libby & Hoopes*, 175 Federal Street, Boston, MA 02110, and upon Roger D. Matthews, Esq., *Denner O'Malley,* 4 Longfellow Place, 35th Floor, Boston, MA 02114.

                */s/ VICTOR A. WILD*
                VICTOR A. WILD
                Assistant U.S. Attorney