```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

|                           |                                    |
|---------------------------|------------------------------------|
| UNITED STATES OF AMERICA  | ) CRIMINAL CASE NO. 05-10068-RCL   |
| v.                        | )                                  |
| THURSTON GENE GILMAN      | )                                  |

**GOVERNMENT'S RESUBMISSION
MEMORANDUM RE: VICTIM EARL GOULD'S
<u>MOTION FOR ORDER OF RESTITUTION</u>**

The United States resubmits the following Memorandum for this Court's consideration regarding the facts and legal principles applicable to victim Earl Gould's motion for prioritization among victims entitled to restitution.

This Memorandum does not involve any issues in dispute between the Government and Defendant Gilman.

<u>**HISTORICAL NOTE**</u>

On February 14, 2007, Earl Gould ("Gould") filed a Motion For Order of Restitution. Gould's motion was not filed under seal.

On February 22, 2007, the Government filed a Motion To Seal and the accompanying Government's Memorandum re: Victim Earl Gould's Motion For Order of Restitution. This Court disallowed the Government's motion to seal, with leave to refile the Government's Memorandum.

On October 22, 2007, counsel for Gould and Government counsel discussed the matter. The parties agreed that the Government would refile its Memorandum, without seal.

Earl Gould ("Gould") is one of approximately 56 victims of Gilman's scheme to unlawfully divert investor funds. Gould has filed a Motion For Order Of Restitution which in effect demands that he receive restitution priority in the amount of $200,000 above all other victims in this case.[1] Gould asserts that $200,000 invested by defendant Gilman in a fund called LK Partners constitute funds obtained from Gould and that he is therefore entitled to prioritization among all investor victims.

The Government submits that the funds invested in LK Partners were derived from commingled funds defendant Gilman received from among various investors, and that in any event, prioritization among the victim investors may not be appropriate. Moreover Gould claims prioritization for $200,000 despite having received a post-sentencing distribution of $ 16,249.72 representing restitution from commingled funds held in the name of Arbor Securities at Penson Financial Services.

---

[1] If Gould were granted such prioritization, he would receive all funds currently identified as potentially available for restitution among the victims, to the exclusion of all other victims, until Gould received $200,000.

## BACKGROUND

Defendant Gilman received approximately $20 million from investors during the period of his criminal scheme which involved unlawful diversion of funds to two startup ventures. Among the investor funds Gilman received, Gould invested $737,000 on October 25, 2002, and $300,000 on April 1, 2003. As with all other investors, Gould's funds were deposited by Gilman into commingled accounts in the name of Arbor Securities.

Gilman pleaded guilty to a scheme that involved his unlawful diversion of the investors' funds.

On March 21, 2006, this Court entered an Order of Restitution which provided for *pro rata* distribution of potential restitution among the identified investors. The Order included Earl Gould as a 6.4095% recipient, based on his loss of $1,037,000. The Order of Restitution necessarily included the $200,000 for which Gould now seeks "designation...for return to [him]."

When Gilman's scheme was discovered by federal authorities, the three following accounts held residual commingled funds of Arbor Securities:

A. Penson Financial Services ("Penson") was used by defendant Gilman to receive and hold commingled funds of investors and contained approximately $ 245,000 at the time of sentencing. The Government successfully obtained

      the deliver of those funds by Penson to the Clerk of Court for distribution among all investors, including Gould.

B.    LK Partners Offshore Fund, LTD, administered by Olympia Capital International, Inc. located in Bermuda, held funds received from Arbor Securities. The Government has attempted and continues its efforts to obtain delivery of any such funds to the Clerk of Court for distribution to victims. On two occasions – February 25, 2003 and April 28, 2003 -- Gilman transferred $100,000 from the Arbor Securities accounts to the investment fund identified as LK Partners. It appears that the investments in LK Partners were made at the specific direction of Gould.[2] The two $100,000 investments in LK Partners involved transfers of commingled funds in Arbor Securities. Indeed, the account at LK Partners is in the name of Arbor Securities, not in the name of Gould. Moreover, the value of the $200,000 investment in LK Partners is undetermined, but is believed to be less than the $200,000 prioritization of restitution now sought by

---

[2] Gilman has advised that the $1,037,000 which Gould deposited with Gilman represented restricted funds in that, for tax or other purposes, Gould was obligated to deposit the funds with a third party under circumstances where Gould relinquished authority to direct the investment of the funds. If that is so, this Court may conclude that Gould's direction of the $200,000 to LK Partners constituted a violation of those restrictions.

        Gould. Thus, even assuming the investment in LK Partners represented only funds belonging to Gould, rather than commingled funds of multiple investors, the value of the funds invested at his request or instructions may not constitute the $200,000 Gould now seeks in priority.

    C.    Alliance Investment Management, Ltd., located in The Bahamas, appeared to hold Arbor Securities funds of approximately $130,000 as of October 21, 2003. The Government is continuing its efforts to obtain delivery of any residual funds to the Clerk of Court for distribution to victims.

To date, only funds from Penson have been delivered to the Clerk of Court. On June 6, 2006, the Clerk of Court distributed approximately $245,000 among the investor victims, including restitution to Gould in the amount of $ 16,249.72. Thus, the distribution received by Gould necessarily involved commingled funds of investors over whom Gould now seeks prioritization.

In May 2006, the U.S. Attorney's Office had direct discussions with Earl Gould regarding the $200,000 originally transferred by Gilman from Arbor Securities to LK Partners. At the request of Gould, the U.S. Attorney's Office subsequently spoke with his Attorney Will Crock regarding the funds invested in LK Partners. On August 8, 2006, the U.S. Attorney's Office again spoke directly with Gould regarding the LK Partners funds. Each of those

discussions concerned efforts to have the funds held by LK Partners delivered to the Clerk of Court for distribution as restitution. Thus, Gould's motion for Order of Restitution has been filed beyond the 60 day period provided by 18 U.S.C. §3664(d)(5), which requires a victim to petition the court for an amended restitution order within 60 days after discovery of the subject losses.

This Court has previously denied an individual victim's motion for prioritization among victims.  See Court Order dated February 2, 2006.[3]

### LEGAL PRINCIPLES

Title 18 United States Code, Section § 3664(I) provides:

> If the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim. In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.

Under this section and § 3664(f)(3)(a), a court has discretion to create distribution schemes, including priority of payment among victims, taking into account "each victim's loss" and "the economic circumstances of each victim."  See also United States v. Perry, 360 F.3d 519, 535 (6th Cir. 2004).

---

[3] Victim Deborah Mital unsuccessfully sought restitution priority above all other victims based on the fact that Mital and her children had obtained a judgment against defendant Gilman and related entities before the defendant was indicted.

After an order of restitution is filed, the United States or an individual victim may enforce the order through civil procedures.  See 18 U.S.C. § 3664(m); United States v. Rostoff, 164 F.3d 63, 67 (1st Cir. 1999).  However, a victim's subsequent action of enforcement cannot include reimbursement for more than the supporting judgment or challenge the order, including with regard to the distribution scheme or priorities set by the court.  18 U.S.C. § 3664(m); United States v. Perry, 360 F.3d 519, 537 (victims' lien against a defendant's property could not exceed value of underlying order). Thus, priority of payment among individual victims is within the sole discretion of the court based upon **each** victim's individual circumstances of need, and  should not be affected by a subsequent civil action.  The matter before this Court involves the same principle, except that the Gould claim for prioritization is based upon an assertion that the funds deposited by Gilman with LK Partners represents exclusively Gould's funds.

> According to Section 3664(j)(2):
>
> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
>
> (A) any Federal civil proceeding; and
> (B) any State civil proceeding, to the extent provided
>     by the law of the State.

This has been read to prohibit victims from receiving more in

compensation than required to make them whole.[4] United States v. Nucci, 364 F.3d 419, 424 (2d Cir. 2004). It also reinforces the principle that the Mandatory Victims Restitution Act works similarly to a tort statute. United States v. Bach, 172 F.3d 520, 523 (7th Cir. 1999)(the MVRA is not subject to the *ex post facto* clause by virtue of it not being a penal statute); United States v. Rostoff, 164 F.3d 63, 71 (1st Cir. 1999)("The nature of restitution is penal and not compensatory"); United States v. Ahmed, 2 F.3d 245, 249 (7th Cir. 1993)(similar to civil judgment collection, a restitution order is collected by the defendant paying as much as he can in good-faith). However, a restitution order pursuant to 18 U.S.C. § 3613(c) constitutes a lien on all the property of the person and is the equivalent of a federal tax lien. Thus, "[o]nce a criminal judgment of restitution has entered, the offender has a duty to marshal all of his assets in an effort to satisfy it. The only assets not available for restitution are: 1) assets subject to superior, secured interests of innocent third parties, and 2) those assets necessary for the criminal offender to house, clothe, and feed himself and those to whom he owes a statutory or common law duty of support." United States v. Rostoff, 966 F. Supp. 1275, 1278 (D. Mass. 1997).

---

[4] For there to be any offset to the amount of restitution imposed, the civil settlement or compensatory damages must be for the exact same harms, loss or cost for which restitution was ordered. United States v. Cupit, 169 F.3d 536 (8th Cir. 1999); United States v. Miller, 900 F.2d 919, 922-924 (6th Cir. 1990).

Although a court imposing an order of restitution may take into consideration the effects of civil litigation against the defendant in order to prevent double payment, the two judgments are separate means of collection. Whereas restitution is a form of criminal punishment, it should not be used as enforcement of a separate third party civil claim. Kelly v. Robinson, 479 U.S. 36, 55 (1986)(restitution is meant to have deterrent and rehabilitative goals beyond victim compensation).

Moreover, this Court may determine that exercising its discretion to grant priority to Gould based on the claim that Gilman placed certain commingled funds into LK Partners because of Gould's suggestions or instructions would encourage other investors to claim their own prioritization on the basis that their own suggestions or directions may have resulted in commingled funds being placed in specific accounts by Gilman, thereby inadvertently awarding individual investors at the disadvantage of other victims who were similarly harmed or who may even have suffered greater losses.

In addition, this Court may determine that by participating in the distribution of restitution involving commingled funds retrieved from Penson, Gould would unfairly benefit from sharing commingled funds deposited at Penson at the same time Gould attempts to segregate commingled funds deposited at LK Partners.

Furthermore, this Court may determine that Gould's motion constitutes a motion for an amended order of restitution and was not timely filed. See 18 U.S.C. §3664(d)(5).

Finally, granting the prioritization Gould seeks may fail to take into account "the type and amount of each victim's loss" and may fail to take into account "the economic circumstances of each victim", as required by Section 3664(I).

Respectfully submitted this 22nd day of February 2007.

```
                              MICHAEL J. SULLIVAN
                              United States Attorney

                    By:   /S/ Victor A. Wild
                          VICTOR A. WILD
                          Assistant U.S. Attorney
                          Suite 900
                          One Courthouse Way
                          Boston, MA 02210
                          (617) 748-3145
```

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon Thomas M. Hoopes, Esq., *Kelly, Libby & Hoopes*, 175 Federal Street, Boston, MA 02110, and upon Benjamin D. Entine, Esq., 77 Franklin Street, Boston, MA.

```
                               /s/ Victor A. Wild
                              VICTOR A. WILD
                              Assistant U.S. Attorney
```